## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JAMAL EWING GREENE**                                    **PETITIONER**

**VS.**                    **No. 2:22-cv-00186 BSM/PSH**

**JOHN P. YATES, Warden,**
**FCI Forrest City**                                    **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Jamal Ewing Greene ("Greene"), an inmate in the custody of the United States, is housed at the Forrest City Federal Correctional Institution.  On October 11, 2022, Greene filed documents interpreted by the Court to be a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Doc. No. 2.  At the direction of the Court, Greene filed an amended petition on January 23, 2023, utilizing a form petition for

federal habeas corpus relief.  Doc. No. 24.  In it, he alleges four claims for relief, all of which relate to his convictions in court-martial proceedings held in 2014.[1]  For relief, Greene seeks return of his pay, back pay, immediate release, return to active duty, return of his grade status, and expungement of his military record.

Respondent Yates filed a motion to dismiss for lack of jurisdiction.  Doc. No. 29.  He contends that Greene was required to challenge his conviction in the sentencing court pursuant to 28 U.S.C. § 2255, which he failed to do.  He also contends that Greene can only challenge his convictions under § 2241, in the district of his incarceration, if he shows that a remedy under § 2255 is inadequate or ineffective.  Doc. No. 29 at 2-4.  According to Yates, Greene has failed to make such a showing.

The savings clause of 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless if also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[1] Greene, a member of the United States Army, was convicted of carnal knowledge with a child who had attained the age of 12 but was under the age of 16, aggravated sexual assault of a child, aggravated sexual assault by causing bodily harm, wrongful sexual contact, sodomy with a child under the age of 12, and forcible sodomy with a child who had attained the age of 12 but was under the age of 16.  Green was sentenced to a dishonorable discharge, 35 years' imprisonment, forfeiture of pay and allowances, and reduction in grade.  *United States v. Greene*, No. ARMY 20120805, 2014 CCA LEXIS 838, at *1-2, *12-13 (A. Ct. Crim. App. Oct. 28, 2014.)  On appeal, the conviction for aggravated sexual assault by causing bodily harm was set aside – the other convictions were upheld.  Greene's petition for a grant of review was denied.  *United States v. Greene*, 74 M.J. 266, CAAF LEXIS 184 (C.A.A.F. 2015).

The savings clause recognizes that a federal inmate's collateral attack on a conviction or sentence is better brought before the court of conviction and sentencing rather than in the district of incarceration. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). And Yates is correct that this Court is without jurisdiction to entertain Greene's § 2241 petition unless a remedy via § 2255 is inadequate or ineffective. *Id.* A procedural barrier to bringing a § 2255 claim does not establish that § 2255 is inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). Additionally, § 2255 is not inadequate or ineffective just because the inmate had previously filed such a motion and was denied relief. *Id.*

This case presents a unique issue, however. Greene is not a civilian federal prisoner. Additionally, the process of a court martial proceeding is quite different from the process a civilian prisoner follows through the non-military court system. An understanding of the court martial proceeding is therefore important in determining whether a federal prisoner serving a sentence resulting from a military court martial may seek relief in a § 2255 hearing and if such a remedy is inadequate or ineffective. The Eighth Circuit Court of Appeals addressed this issue in *Gilliam v. Bureau of Prisons*, 208 F.3d 217, 217 (8th Cir. 2000) (table) (per curiam), and found that a remedy pursuant to § 2255 is not available to a prisoner convicted in a court martial proceeding because the court of conviction ceases to exist following a conviction. For that reason, the court reasoned, a remedy pursuant to § 2255 is not adequate or effective. *Id.* Other courts that have addressed this issue have made the same finding. A recent decision on this issue provides a comprehensive summary of the applicable

caselaw:

> Military members, unlike civilians, are generally tried by court martial, and court martials can hear cases "involving a wide range of offenses, including crimes unconnected with military service." *Ortiz v. United States*, —— U.S. ——, 138 S. Ct. 2165, 2170, 201 L.Ed.2d 601 (2018). "The court martial proceeding itself is 'an officer-led tribunal convened to determine guilt or innocence and levy appropriate punishment.' " Dillon, 2022 WL 971087, at *2 (citing *Ortiz*, 138 S. Ct. at 2170; 10 U.S.C. §§ 816, 818, 856a). "An order from a commanding officer calls the ad hoc tribunal into existence." Id. (citing *Ackerman v. Novak*, 483 F.3d 647, 651 (10th Cir. 2007)). "Once convened, the tribunal considers the 'set of charges that the commander has referred to' it." Id. (citing *Ackerman*, 483 at 651). "And the tribunal dissolves after the purpose for which it convened has been resolved." Id. (citing *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)).

> Consequently, "[a] petitioner convicted and sentenced by a court martial cannot rely on § 2255 to launch a collateral attack on his conviction or sentence because that tribunal dissolved once the proceedings concluded." *Id.* at 3 (citing *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1110 (11th Cir. 2017)). Therefore, a military petitioner may rely on § 2241 in bringing a collateral challenge because § 2255 is unavailable, or in other words, is an "inadequate or ineffective to test the legality of [one's] detention." See id. (quoting 28 U.S.C. § 2255(e); citing *Brown v. Sec'y of the U.S. Army*, 859 F. App'x 901, 901 (11th Cir. 2021) (per curiam)). Simply put, "a petition for habeas relief under § 2241, rather than a motion under § 2255, represents the proper 'vehicle for district-court review of a military conviction.' " Id. (quoting *Youngberg v. Watson*, No. 19-1140, 2021 WL 2815412, at *1 (7th Cir. Mar. 5, 2021); citing *Prost*, 636 F.3d at 588; *Gilliam v. Bureau of Prisons*, 208 F.3d 217, 217 (8th Cir. 2000) (table) (per curiam) ("[A] person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist."); *Beras v. Johnson*, 978 F.3d 246, 260 (5th Cir. 2020) (noting that § 2241 is used for habeas challenges to military convictions); *Clinton v. Goldsmith*, 526 U.S. 529, 538 n.11, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) (noting that "once a criminal conviction has been finally reviewed within the military system, and a servicemember in custody has exhausted other avenues provided under the UCMJ to seek relief from his conviction ... he is entitled to bring a habeas corpus petition [under] 28 U.S.C. § 2241(c)")).

*Ballard v. Kendall*, No. 21-CV-02288 (CKK), 2022 WL 16834016, at *5 (D.D.C. Nov. 9, 2022).  *See also Dillon v. Wormuth*, No. 1:21-cv-02124 (CJN), 2022 WL 971087 (D.D.C. March 31, 2022)(petition for habeas relief under § 2241, not a motion under § 2255, is proper means to obtain district court review of court martial conviction.)  Yates' motion to dismiss Greene's § 2241 petition for lack of jurisdiction should be denied.

IT IS SO RECOMMENDED this 28th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE