## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JAMEL EWING GREENE**                                                                                  **PETITIONER**

**No. 2:22-cv-00186 BSM/PSH**

**C. GARRETT,[1] Warden,**
**FCC Forrest City**                                                                                  **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

---

[1]C. Garrett, Warden, is the proper respondent in this case, and the Clerk is directed to make the appropriate change.  *See* 28 U.S.C. § 2242.

1

## DISPOSITION

Jamel Ewing Greene ("Greene"), in his amended petition for writ of habeas corpus, challenges his 2012 convictions following a military trial at Fort Lee, Virginia. Doc. No. 24. Greene was found guilty of sodomy with a child under the age of 12, sodomy with a child under the age of 16, carnal knowledge with a child under the age of 16, sexual acts with a child under the age of 16, aggravated sexual assault by causing bodily harm, and wrongful sexual contact. Greene was found not guilty of one charge of sodomy with a child under the age of 12. Doc. No. 43-1. The charges stemmed from events involving two victims from March 2004 to April 2009. *Id.* Greene, who was serving in the U.S. Army, was sentenced to a reduction to grade of E-1, forfeiture of all pay and allowances, a dishonorable discharge, and 35 years in prison. Doc. No. 43-5, page 2.

Greene appealed to the U.S. Army Court of Criminal Appeals ("ACCA"), alleging three errors: (1) his conviction for wrongful sexual contact rested on a constitutionally insufficient general verdict; (2) the military trial judge erred in failing to excuse a potentially biased panel member; and (3) the evidence was factually insufficient to support the convictions. Doc. No. 43-8. In an October 2014 opinion, the ACCA found insufficient evidence to support Greene's conviction for aggravated sexual assault by causing bodily harm. As a result, the

2

guilty verdict on this charge was set aside. The remaining guilty verdicts were affirmed, and the overall sentence was affirmed. Doc. No. 43-2.

Greene then submitted a petition for grant of review to the Court of Appeals for the Armed Forces ("CAAF"). Greene repeated his first two claims for relief advanced before the ACCA. As part of his petition, Greene included a statement that the accusations were fabricated and he was innocent of all charges. Doc. No. 43-11, page 36. The CAAF summarily denied Greene's petition on February 12, 2015. Doc. No. 43-3. Subsequently, Greene was dishonorably discharged from the U.S. Army, and in January 2016, he was transferred to the custody of the Bureau of Prisons at Forrest City, Arkansas.

Liberally construing his amended petition, it appears that Greene seeks habeas corpus relief, asserting the following grounds:

1.  "Violation of Army Directive 2013-21 AR 635-200 S-2 Class Category;"

2.  Conviction based on hearsay without evidence or factuality;

3.  Attempted homicide, and placing his life in jeopardy; and

4.  Confinement without due process.

Doc. No. 24.

Before the Court is respondent Garrett's motion to dismiss and brief in support. *See* Doc. Nos. 42 &43. For grounds, Garrett argues in part[2] that Greene's claims were not raised for consideration before the military courts and are therefore waived, and alternatively, that the factual and legal sufficiency of Greene's convictions and sentence were fully and fairly considered by the military courts, making review by this Court inappropriate. Greene has not responded to the motion. Garrett's motion should be granted for the following reasons.

The Tenth Circuit Court of Appeals concisely describes the authority a district court has to review court-martial proceedings:

> The federal civil courts have limited authority to review court-martial proceedings. *Burns v. Wilson*, 346 U.S. 137, 139, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). If the grounds for relief that Petitioner raised in the district court were fully and fairly reviewed in the military courts, then the district court was proper in not considering those issues. See id.; *see also Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir.1993). Likewise, if a ground for relief was not raised in the military courts, then the district court must deem that ground waived. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.1986). The only exception to the waiver rule is that a petitioner may obtain relief by showing cause and actual prejudice. *See Lips*, 997 F.2d at 812.

---

[2]Garrett also claims that Greene's petition fails to state a claim upon which relief can be granted. Garrett is correct that Greene's petition is largely indecipherable and not supported by specific, particularized facts, and the numerous documents submitted by Greene do not shed light on what he claims. However, the Court will consider the claims made by Greene to the extent they can be deciphered and understood.

*Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). *See also Ehlers v. Wilson*, 2015 WL 4920294 (D. Minn. August 11, 2015) (issues not raised in military courts are procedurally barred and not open for review by federal habeas court).

The first task, then, is to determine which, if any, of the above claims were raised and considered in the military proceedings. Arguably, none of the four claims were adequately advanced. The grounds raised in the proceedings before the ACCA and the CAAF appear to be different from the four claims now raised by Greene. The numerous pleadings submitted by Greene do not establish that these grounds were properly advanced in the military courts. In addition, Greene does not show cause and prejudice for failing to present these claims, nor does he demonstrate that failure to consider the claims will produce a fundamental miscarriage of justice. As a result, the claims advanced by Greene should be dismissed due to his failure to raise them in the military courts.

In the alternative, a generous and liberal construction of Greene's claims could lead to viewing grounds two and four as constitutional challenges which were considered in the military proceedings.[3] If viewed in this manner, the Court is guided by the United States Supreme Court decision in *Burns v. Wilson*, 346

---

[3]The liberal view is that ground two is an attack on the sufficiency of the evidence and ground four is a general due process challenge.

U.S. 137 (1953). In that case, the Court considered the role of federal courts when entertaining a habeas corpus petition brought by an inmate convicted by a military tribunal. The petitioners in *Burns* were convicted of murder and rape and sentenced to death. They contended they had been denied due process in a variety of ways. The district court dismissed the habeas petition without hearing evidence and without review, and determined only that the military court had jurisdiction over the petitioners, over their crimes, and to impose the sentences. The Court of Appeals took a different approach, expanding the scope of review, reviewing the trial transcripts and considering the merits of the claims.

The Supreme Court granted certiorari and examined the appropriate role of a civil court in reviewing a habeas corpus petition arising from a court-martial conviction, concluding it is "the limited function of the civil courts to determine whether the military have given fair consideration to each of these [constitutional] claims." 346 U.S. at 144. *See also, Gilliam v. Bureau of Prisons,* 208 F.3d 217 (8th Cir. 2000) (federal civil court must defer to the decision of a military court which gave fair consideration to the claims contained in the habeas petition).[4]

---

[4]Some circuits have elaborated on *Burns*, utilizing a four-part test to determine whether to review a military habeas corpus petition. The four factors are: the asserted error must be of substantial constitutional dimension; the use must be one of law rather than of fact; military consideration may warrant different treatment of constitutional claims; and the military courts must adequately consider the issues and apply proper legal standards. *See Santucci v. Commandant, United States Disciplinary Barracks*, 66 F.4th 844 (10th Cir. 2023), and *Dodson v. Zelez*, 917 F.2d 1250 (10th Cir. 1990). Whether using *Burns* or using the four-part test illuminating *Burns*, the result

In this instance, the Court has carefully reviewed the trial transcript, as well as the appellate decisions cited above. Greene was represented by two attorneys at trial, one military and one civilian. His attorneys vigorously cross-examined the witnesses for the prosecution, including Greene's nieces, the victims. Greene testified on his own behalf.[5] The members of the panel were allowed to submit questions throughout the trial, and did so. The military judge also inquired of witnesses. Greene was acquitted of one charge at trial, and on appeal an additional conviction was overturned. The ACCA conducted a full factual and legal sufficiency review of the case. In doing so, it overturned one of the specifications for which Greene was originally convicted and performed a sentence reassessment. To the extent that grounds two and four are deemed to mirror any challenges raised in the military courts, those grounds should be dismissed due to the thorough and fair consideration given by the military courts at trial and on appeal.

For these reasons, the grounds raised by Greene are procedurally barred due to his failure to raise them in the military courts or, in the alternative, the grounds

---

in this instance is the same – Greene received a fair consideration of his claims raised in the military courts.

[5]Greene stated he was innocent of all charges, testifying he had a "regular uncle-niece relationship" with both girls. Trial Transcript, Volume VI, page 40. At the sentencing phase of the trial Greene submitted a statement which included the following: "I accept the panel's decision. I'm not going to offer any excuses, and I regret . . . any suffering that I caused" the victims. Trial Transcript, Volume IV, page 129.

which were raised are not eligible for a full-merits review in this Court because Greene received a full and fair consideration in the military courts.

For the foregoing reasons, the Court recommends that the motion to dismiss the petition for writ of habeas corpus (Doc. No. 42) be granted and the relief requested be denied.

IT IS SO ORDERED this 15th day of September, 2023.

_____

UNITED STATES MAGISTRATE JUDGE

8